IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER LEE DEAL, SR,            )
                               )
                Plaintiff,     )
                               )
        v.                     )     1:17CV6
                               )
BARACK OBAMA, et al.,          )
                               )
                Defendants.    )

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983.[1] However, this Court entered an Order on March 14, 2017, noting that Plaintiff's filing suffered from certain deficiencies that prevented the Court from processing his Complaint. In addition, the Court noted that Plaintiff has filed numerous deficient and/or frivolous actions in this District and ordered that Plaintiff show cause as to why the Court should not enter a pre-filing injunction against him [Doc. #2]. Plaintiff has not responded. For the reasons set out in the March 14, 2017 Order, and as stated herein, the Court recommends Plaintiff's action be dismissed without prejudice and that a pre-filing injunction be entered against Plaintiff, with respect to future lawsuits filed by Plaintiff in this District.

Plaintiff's current action is one in a long line of frivolous or deficient lawsuits filed with this Court. In the instant case, the filing fee was not received nor was a proper affidavit to

---

[1] Plaintiff names former President of the United States, Barack Obama, and at least one federal employee as defendants in the case. Therefore, it appears to be an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), as well as one under § 1983. Nevertheless, the result in this case is the same.

proceed *in forma pauperis* submitted in conjunction with Plaintiff's Complaint. Moreover, Plainitff may not proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. The Prison Litigation Reform Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prison has, on 3 or more prior occasions, while incarcerated or detained in nay facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is a frequent pro se litigator in federal courts in North Carolina who has had at least three previous suits dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. See Deal v. FNU Cole, No. 3:13-cv-158-RJC, 2013 WL 1190635, at *1 (W.D.N.C. March 22, 2013) (unpublished) (citing prior cases and finding Plaintiff to be barred from proceeding *in forma pauperis*). In the present Complaint, Plaintiff does not allege that he is under imminent danger of physical injury and thus fails to satisfy the requirements to proceed *in forma pauperis*. Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to file in this Court.

Moreover, Plaintiff's filing does not state any viable claim for relief. The Complaint alleges that all indictments in the United States are invalid because persons of African descent cannot serve on grand juries due to the fact that the Thirteenth Amendment of the United States Constitution declares them not to be citizens of the United States. This assertion is incorrect in every respect. The Thirteenth Amendment abolished slavery in the United States, and the Fourteenth Amendment made all persons, born or naturalized in the United States, citizens of the country. Plaintiff's argument is wrong, and his claim is utterly frivolous.

2

As stated in the March 14, 2017 Order, Plaintiff's continued filings have reached the point where the Court must consider the entry of a pre-filing injunction against Plaintiff. The present action is the fifty-eighth case filed by Plaintiff in the federal courts of North Carolina, twenty-four of which Plaintiff filed in this District. The filings are based on delusional allegations, seek inappropriate relief, and/or are procedurally deficient. Despite imposing considerable burden on the Court, Plaintiff's filings fail to state any viable claim for relief and/or are so flawed as to make it impossible for the Court to process his Complaints. The great majority of Plaintiff's claims have been dismissed due to Plaintiff's failure to remedy filing deficiencies, for Plaintiff failing to pay the filing fee after he became three-strikes barred under § 1915(g), and/or for being frivolous or malicious. Plaintiff's course of conduct led to two prior warnings in this District that, should Plaintiff continue to file frivolous pleadings, the Court would consider imposing sanctions against him, including, but not limited to, a pre-filing injunction. See Deal v. O'Neill, No. 1:13CV552, Order [Doc. #29] (M.D.N.C. June 4, 2014) (unpublished); see also Deal v. Scotland Correctional Institution, No. 1:13CV735, Order [Doc. #10] (M.D.N.C. July 17, 2014) (unpublished). In filing the instant action, Plaintiff exhibits clear disregard for prior Orders and warnings, and his misconduct compels the Court to act.

Entry of a pre-filing injunction is not a measure lightly taken, particularly against a pro se party such as Plaintiff. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (citing Pavilonis v. King, 626 F.2d 2075, 1079 (1st Cir. 1980)). However, the entry of a pre-filing injunction is appropriate in "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. (quotation omitted).

3

In considering whether to impose a pre-filing injunction, this Court considers "all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Cromer, 390 F.3d at 818 (collecting cases). In its prior Show Cause Order, this Court found that:

> Plaintiff has a long history of frivolous and vexatious litigation and he continues in that course of conduct despite the prior warnings to cease. As for the second factor, he has not shown any good faith basis for filing his multiple frivolous suits, with the current filling serving as a prime example. His actions do not tend to burden the parties he sues because most of his cases are dismissed at screening. However, his actions do create a significant drain on the court's resources. Finally…, it does not appear that alternative or lesser sanctions will be adequate to stop Plaintiff's frivolous filings.[2]

[Doc. #2]. It now appears that the only way to prevent abusive filings by Plaintiff is to require him to obtain permission from this Court before again attempting to file an action similar to those already filed. Therefore, this Court recommends entry of an order imposing a pre-filing injunction against Plaintiff in this District.

In considering the scope of such a requirement, the Court notes that pre-filing injunctions must be narrowly tailored. Here, Plaintiff's repetitive and frivolous filings all relate

---

[2] The Court noted that monetary sanctions and dismissal of this case would likely have no deterrent effect. There are no attorney's fees in the instant action, the Court's Finance Department reports no payments from Plaintiff to the Court, and Plaintiff continues to file frivolous claims, despite dismissal of his prior cases. [Doc. #2].

4

to various delusional facts and seek inappropriate relief. Therefore, a pre-filing injunction would appropriately apply to any new civil action filed by Plaintiff in this District which:

1. Seeks to raise claims on behalf of other persons, including, but not limited to, other incarcerated individuals; seeks relief in the form of a judicial investigation; or seeks to attack his criminal conviction under § 1983; or

2. Contains allegations challenging events that occurred in another District and names as defendants individuals located in another District without including in the Complaint a statement addressing the proper venue in determining whether the case must be transferred to a proper district pursuant to 28 U.S.C. § 1406; or

3. Contains allegations previously found to be delusional, specifically, allegations of bribery of a government official, prison official, medical personnel, law enforcement officer, or judge in an effort to harm Plaintiff or Plaintiff's family, or allegations of performance of medical procedures on Plaintiff without his consent or otherwise harming Plaintiff in order to steal his ideas; or

4. Fails to (a) include the $400.00 filing fee or (b) contain a statement on a separate page from the complaint that makes specific, clear factual allegations showing a possibility that Plaintiff is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).

If such a pre-filing injunction is adopted, any such civil action filed by Plaintiff within the scope set out herein would be subject to summary review and screening by the Court and an Order of Dismissal incorporating by reference the findings set out herein, unless the Court concludes that permission should be granted to allow the filing to proceed.

Before imposing a pre-filing injunction, however, the Court must provide Plaintiff with notice and allow him to be heard. See Cromer, 390 F.3d at 819. In its March 14, 2017 Order, this Court gave Plaintiff notice of the proposed pre-filing injunction and allowed Plaintiff

thirty (30) days to show cause why such an injunction should not issue. Plaintiff has not responded.

IT IS THEREFORE RECOMMENDED that this action be DISMISSED *sua sponte* without prejudice.

IT IS FURTHER RECOMMENDED that the Court enter a Pre-Filing Injunction against Plaintiff to the extent set out herein.

This, the 13th day of October, 2017.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge